IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.             Case No. 14-10118-JTM

ALEXANDER J. PAULER,

     Defendant.

## MEMORANDUM AND ORDER

Defendant Alexander J. Pauler is charged with one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Before the court are defendant's two motions to dismiss the Indictment for failure to state an offense, pursuant to FED. R. CRIM. P. 12(b)(3)(B)(v). (Dkts. 15, 22). As discussed below, defendant's motions are denied.

## I. Background

On July 12, 2009, defendant was issued a Uniform Criminal Complaint in the city of Wichita, Kansas, for domestic battery. (Dkt. 15-1, at 2). Defendant was specifically charged with "intentionally or recklessly caus[ing] bodily harm to Cierra Young a girlfriend by punching her in the face several times," in violation of Wichita Municipal Ordinance 5-10-025(a)(1). *Id.* Defendant pled "nolo" and was found guilty on July 13, 2009. (Dkt. 15-1, at 4). He was fined $1,000 and sentenced to 30 days in jail with 28 days of work release. *Id.*

On July 23, 2014, the government charged defendant by indictment for knowingly possessing a firearm after being convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

## II. Analysis

"It shall be unlawful for any person . . . (9) who has been convicted in any court of a misdemeanor crime of domestic violence . . . [to] possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.SC. §922(g). Within Title 18, Part I, Chapter 44 of the United States Code, which includes §§ 922 and 924, a "misdemeanor crime of domestic violence" is "an offense that . . . (ii) has, as an element, the use or attempted use of physical force . . . committed by a person who is cohabiting with or has cohabited with the victim as a spouse . . . or by a person similarly situated to a spouse . . . of the victim." 18 U.S.C. § 921(a)(33).

### 1. Defendant's first Motion to Dismiss (Dkt. 15) is denied.

Defendant argues that his conviction under Wichita Municipal Ordinance 5-10-025(a)(1) is not a predicate offense to 18 U.S.C. § 922(g)(9) because it was committed recklessly and thus did not involve the "use" of force. Defendant concedes that the relationship aspect of § 922(g)(9) applies to his conduct. (Dkt. 15, at 3). Therefore, the remaining question is whether his prior conviction "has, as an element, the use or attempted use of physical force" under 18 U.S.C. § 921(a)(33).

In the absence of Tenth Circuit authority on the issue of whether a predicate offense to § 922(g)(9) must be committed intentionally, the court turns to U.S.S.G. §4B1.2(a). The Tenth Circuit has held that, when interpreting language identical to

U.S.S.G. § 4B1.2(a), "'only those crimes with a mens rea of intent or purpose qualify as crimes of violence.'" *United States v. Duran*, 696 F.3d 1089, 1093 (10th Cir. 2012) (quoting *United States v. Armijo*, 651 F.3d 1226, 1234 (10th Cir. 2011)). The language of 18 U.S.C. § 921(a)(33) is identical to U.S.S.G. § 4B1.2(a). Therefore, the predicate offense of a misdemeanor crime of domestic violence for a § 922 conviction must be committed intentionally. Wichita Municipal Ordinance 5-10-025(a)(1) states that "Any person who, within the corporate limits of the city . . . intentionally or recklessly causes bodily harm to a . . . domestic partner . . . is guilty of a misdemeanor." The ordinance may thus be violated either intentionally or recklessly and therefore cannot categorically qualify as a crime of domestic violence under § 922(g). *See Duran*, 696 F.3d at 1095.

Where, as here, the predicate offense sets out one or more elements in the alternative – in this case the *mens rea* of intentionally or recklessly – the statue is divisible. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The court may consider a limited class of documents to determine whether a divisible statute was violated in a manner that qualifies as a predicate offense under §§ 922 and 924. *Id.* (the so-called "modified categorical approach"). The class of documents a court may consider "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The court may also refer to "some comparable judicial record of this information." *Id.* at 26.

Here, the charging document indicates that defendant punched his victim in the face several times. (Dkt. 15-1, at 2). The charge thus indicates intentional use of force because it is unlikely that one would recklessly punch another person in the face several times. Defendant pled "nolo" to that charge, and the court entered a finding of guilty. (Dkt. 15-1, at 4). The record does not contain a plea colloquy or explicit factual findings by the judge. The relevant documents thus indicate that defendant was found guilty of intentionally using force against his victim. His prior conviction therefore qualifies as a predicate offense for §§ 922(g) and 924.

## 2. Defendant's Second Motion to Dismiss (Dkt. 22) is denied.

Defendant also argues that the violation of a city ordinance cannot qualify as a predicate offense to 18 U.S.C. § 922(g)(9) because 18 U.S.C. § 921 defines "misdemeanor crime[s] of domestic violence" as violations of "Federal, State, or Tribal law." 18 U.S.C. § 921(a)(33). Section 921(a)(33) is silent as to local law, so the court must interpret the statutes to determine whether a Wichita city ordinance domestic battery conviction is a "misdemeanor crime of domestic violence" for purposes of § 922(g)(9).

### A. The statute is ambiguous as to whether a misdemeanor crime of domestic violence prosecuted under a local law is a predicate offense for 18 U.S.C. § 922(g)(9).

The first step in statutory interpretation is to determine "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute" in question. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Whether statutory language is ambiguous "is determined by reference to the

language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. "A statute is ambiguous if it is reasonably susceptible to more than one interpretation." *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199, 1226 (10th Cir. 2014) (internal quotation omitted).  If the language is unambiguous, then the inquiry must stop; the statute must be applied as written. *Robinson*, 519 U.S. at 340.

<u>i. The language of §§ 922(g)(9) and 921(a)(33) indicates ambiguity.</u>

Here, the statute specifies that it is unlawful "for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence" to possess any firearm or ammunition. 18 U.S.C. § 922(g)(9). "Any" indicates "one selected without restriction." MERRIAM-WEBSTER DICTIONARY (2015). Thus, "any person" and "in any court" indicate that the statute is intended to encompass a broad spectrum of offenders indiscriminately. Section 921(a)(33)(A) defines a "misdemeanor crime of domestic violence," for purposes of § 922, as an offense that is "a misdemeanor under Federal, State, or Tribal law" which "has as an element, the use or attempted use of physical force" against certain persons, including those "similarly situated to a spouse." 18 U.S.C. § 921(a)(33)(A). The statute thus specifies that a state-law offense can qualify as a predicate misdemeanor crime of domestic violence, but does not specify whether a local-law offense is included. The possibility that § 921(a)(33)(A) limits the scope of offenders addressed by § 922(g)(9), which is patently indiscriminate in scope, leaves the actual scope of offenses included unclear and reasonably susceptible to multiple readings.

5

<u>ii. The specific context of §§ 922(g)(9) and 921(a)(33) indicate ambiguity.</u>

The specific context of the inquiry can be characterized as the identification of persons who are prohibited from possession of firearms because of a previous act. Section 922(g) provides nine categories of such persons as defined by their prior acts, namely: (1) those convicted of a crime punishable by imprisonment exceeding one year, (2) fugitives from justice, (3) unlawful users or addicts of controlled substances, (4) those adjudicated mentally defective, (5) illegal aliens, (6) those dishonorably discharged from the Armed Forces, (7) expatriates who renounce United States citizenship, (8) those subject to a court-issued restraining order regarding a child or intimate partner, and (9) those convicted of a misdemeanor crime of domestic violence. 18 U.S.C. § 922(g). The predicate conduct or condition for § 922(g) offenses are all defined by law. Of these, the violations in subsections (3), (5), (6), and (7) are defined by federal law. The source of law for the remaining predicate disqualifying conduct or status is undefined in § 922; they are defined in § 921(a). Accordingly, the court examines the source of law for the predicate conduct in subsections (1), (2), (4), and (8) in turn.

A "crime punishable by imprisonment for a term exceeding one year" does not include Federal or State antitrust or unfair trade violations, nor does it include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). The statute does not specifically address local laws. Many local-law misdemeanors, such as the Wichita ordinance at issue in this case, are punishable by less than two years'

imprisonment. The exclusion of such state-law offenses, but inclusion of analogous local laws as predicate offenses disqualifying one from firearm possession is nonsensical. It is therefore reasonable to read § 922(g)(1) to include local offenses punishable by greater than one year, despite the statute's reference only to State law.

A "fugitive from justice" is anyone who "has fled from a State to avoid prosecution for a crime or to avoid giving testimony in a criminal proceeding. 18 U.S.C. § 921(a)(15). The statute does not specify whether one must flee from prosecution of a Federal, State, or local law. It is reasonable to read § 922(g)(2) to include those fleeing from prosecution under local law for the same reasons as § 922(g)(1).

Neither § 922(g) nor § 921(a) specify under what law one must be adjudicated mentally defective or subjected to a restraining order to be disqualified from firearm possession. The statute therefore does not appear to discriminate between such adjudications under Federal, State, or local law. Again, it is reasonable to read §§ 922(g)(5) and (8) to include local law – even though not expressly incorporated by those subsections – because the desired outcome is to prevent persons who lack the mental capacity to safely handle firearms or who exhibit particularly dangerous behavior toward vulnerable persons from possessing them. The source of law for such determinations is irrelevant.

Finally, § 921(a)(33) specifies that § 922(g)(9) includes Federal, State, and tribal law offenses – but does not specify whether local law should be included. As

with subsections (1), (2), (4), and (8), it would be unreasonable to read subsection (9) to exclude local misdemeanor crimes of domestic violence and include an analogous State offense because the behavior, not the source of law, is the pertinent aspect of the statute. The specific context, here § 922(g), contains other similarly-reasoned subsections that likewise fail to specify whether local law applies, but that are reasonably read to include local law. Section 922(g)(9) is reasonably read in a manner consistent with its similarly-reasoned § 922(g) brethren, which reasonably include local-law offenses, indicating that it is subject to multiple interpretations.

### iii. The broader context indicates ambiguity.

Section 922(g) is within Title 18, Chapter 44 of the United States Code, which consists of the Gun Control Act of 1968 and its amendments. 18 U.S.C. §§ 921 to 931. The chapter on the whole provides federal enforcement as a practical solution to reducing gun violence and, under specific sections relevant here, reducing gun violence carried out between intimate persons. The plain focus of the chapter renders the inclusion of state-law offenses to the exclusion of local-law offenses unreasonable.

The language of § 922(g) is therefore, by its own terms, its specific context, and the broader context of the Gun Control Act, unclear because it can be reasonably read to include local law violations.

Defendant argues that the language of § 922(g)(9) is plain and unambiguous because § 922(a)(2)(A) specifically references "Federal, State, and *local law*," and the exclusion of "local law" in § 922(g)(9) should thus be presumed intentional. (Dkt. 22,

at 3) (citing citing *Russello v. United States*, 464 U.S. 16, 23 (1983)) (emphasis added). However, *Russello* is inapposite because the relationship between subsections 922(a)(2)(A) and 922(g)(9) is quite different from those analyzed in *Russello*.

The court in *Russello* examined two subsections of the RICO statute, 18 U.S.C. § 1963(a)(1) and (a)(2). 464 U.S. at 23. Those subsections identify types of acquired interests that violate § 1963. Subsection 1963(a)(2) identifies "interests" in greater detail – and with more restrictive language – than subsection 1963(a)(1). *Id.* The court concluded that the lesser degree of specificity regarding the "interests" in subsection (a)(1) is presumed intentional and should accordingly be read more broadly than subsection (a)(2). *Id.* The statutes analyzed in *Russello* describe two similar types of illegal intangible property in parallel, one with greater specificity than the other.

Here, 18 U.S.C. § 922(a)(2)(A) specifies that the shipping of a firearm by an individual who owns a firearm in compliance with "Federal, State, and local law" to a proper recipient is not illegal. By contrast, § 922(g)(9) omits "local law" when describing predicate offenses rendering mere possession of a firearm illegal. The two subsections reference entirely different subject matter and are not presented in any logical parallelism, as are the subsections addressed in *Russello*. Section 922(a)(2)(A) thus does not suggest a presumption that Congress intended to exclude "local law" from § 922(g)(9) offenses under *Russello*.

The statute is ambiguous and must be interpreted.

## B. "Misdemeanor crime of domestic violence" includes violations of city ordinances.

The court must resolve a statute's ambiguity by considering its broader context and purpose. *Nomura*, 764 F.3d at 1225-26, 1231. As discussed above, § 922(g)(9) falls within a group of subsections intended to prohibit certain persons from possessing firearms because of prior conduct prohibited by other laws, such as domestic battery. Within § 922(g), a number of subsections expressly implicate state-law offenses but not local-law offenses; but those same sections would render an absurd result if read to exclude local-law offenses. It is reasonable to read § 922(g)(9) in concert with other § 922(g) subsections. Moreover, § 922(g) focuses on the underlying prohibited *conduct*, not the *source of law*. The immediate context thus indicates that § 922(g)(9) should – much like subsections (1), (2), (4), and (8) – be read to include local-law offenses.

The broader context, the Gun Control Act in whole, is plainly intended to prevent firearms from reaching the hands of certain individuals who are considered high-risk for dangerous behavior. Section 922(g)(9) was added as an amendment the Gun Control Act in 1996. P.L. 104-208 (Sept. 30, 1996, 110 Stat 3009) (the "Lautenberg Amendment"). The amendment's intent is evinced by the testimony of its sponsor on the Senate floor, Senator Lautenberg, who noted that "the legislation before us includes a provision that I authored that will prohibit anyone convicted of a crime involving domestic violence from possessing firearms." 142 Cong. Rec. S11872-01, 1996 WL 553835 (Sept. 30, 1996). Senator Lautenberg did not say that individuals should be prohibited from possessing firearms only if they commit State

or Federal offenses, but specified that any person convicted of a crime of domestic violence should not possess a firearm. *Id.* Senator Lautenberg's testimony supports the inclusion of local-law offenses as predicate to a § 922(g)(9) conviction.

Accordingly, the court finds that a violation of a local-law misdemeanor of domestic violence, such as a Wichita, Kansas, city ordinance, is a predicate offense for 18 U.S.C. §922(g)(9). This interpretation is consonant with the Tenth Circuit's inclusive interpretation of a "misdemeanor crime of domestic violence." In *United States v. Heckenliable*, the Tenth Circuit determined that a "misdemeanor crime of domestic violence," as defined by § 921(a)(33)(A), does not require the predicate misdemeanor to have a domestic relationship element. 446 F.3d 1048, 1050. The *Heckenliable* court noted that the statue requires "as an element" the "use attempted use of physical force or threatened use of a deadly weapon" and lists the domestic relationship as a separate, distinct element. *Id.* at 1050-51 (quoting *United States v. Belless*, 338 f.3d 1063, 1065-67 (9th Cir. 2003)). The Tenth Circuit reasoned that the statute's language requires a predicate offense to have only one of those elements, and that to read it otherwise would practically frustrate the statute in any of the many states who charge domestic violence under general assault statutes, rather than specific domestic assault statutes. *Id.* This, the Court noted, maintains the purpose of the law: to prohibit those convicted of a misdemeanor involving domestic violence form possessing firearms. *Id.* at 1051.

Here, this court's interpretation of § 922(g)(9) likewise serves "to give practical effect to Congress's intent, rather than frustrate it" by reading it include

*any* misdemeanor crime of domestic violence. *Id.* (citing *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940)). Defendant's conviction under a Wichita city ordinance for domestic battery is a "misdemeanor crime of domestic violence" for purposes of § 922(g)(9).

IT IS ACCORDINGLY ORDERED this 28th day of August, 2015, that defendant's Motion to Dismiss (Dkt. 15) is DENIED.

IT IS FURTHER ORDERED that defendant's Second Motion to Dismiss (Dkt. 22) is DENIED.

                       s/ J. Thomas Marten
                       J. THOMAS MARTEN, JUDGE